**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HISRAEL RIVERA ORTIZ, | No. 13-71620 |
| Petitioner, | Agency No. A088-514-112 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Hisrael Rivera Ortiz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's determination that Rivera Ortiz did not establish that he was or would be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Rivera Ortiz's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief because Rivera Ortiz failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

Finally, we reject Rivera Ortiz's contentions that the BIA's analysis of his claims was inadequate and that the agency failed to consider all his circumstances.

**PETITION FOR REVIEW DENIED.**